Deaderick, J.,
delivered the opinion of the Court.
McKelvey sued Box before a Justice of the Peace for Humphreys County, and obtained judgment, from which Box appealed to the Circuit Court, where judgment was again rendered against him. It was shown on the trial that McKelvey was Kevenue Collector of the county, and Box a Constable, and that the former had placed in the hands of the latter, for collection, certain claims for taxes, to be paid over to McKelvey, and that Box had received upon one of said claims a twenty dollar greenback bill, which he paid over the day it was collected, and that McKelvey had paid over all the revenue including the amount upon the claims in Box’s hands. The parties to the suit were the only witnesses, whose testimony is found in the. bill of exceptions. McKelvey swears that he doubted the genuineness of the bill when offered by Box, and so stated to him that' Box said he had just received it from Palmer on one of the claims in his hands. McKelvey said he would take it and if it proved to be bad, Box must take it back, and he (Box) agreed to do so. Box’s statement does not . differ materially from McKelvey’s except, that he says he did not agree to take the bill back if it proved to be counterfeit. Shortly after this the bill was found to be counterfeit, and this suit was commenced.
The Circuit Judge charged the jury, that if Box collected the claims and paid the amount over, and paid a spurious bill for which McKelvey gave him a credit or acquittance, Box would be liable. 2. That *863 if Box promised if McKelvey would take the bill and it proved to be bad, he would take it back again, or make it good, he would be liable. 3. But if Box told him, when he paid him the twenty bollar bill, that he had just received it for-taxes, and McKelvey received it without objection, and gave his receipt for it, he could not recover the amount from Box.
The collector might have elected to treat the payment of the taxes to the extent of the twenty dollar counterfeit bill, as a nullity, and to have enforced by proper process, thé payment thereof from the tax payer. But having deputized or employed Box to collect said taxes, he might look to him under this contract or agreement, to collect the same. He, the collector, was authorized to employ Box to collect taxes, but by the terms of the statute, giving this power, the collector and his sureties are liable for the default of the constable: Code, 606. The appointment being authorized by law, and the collector responsible for the acts of the appointee; he is liable to the collector for failure in the performance of his undertaking: Story on Agency, 201. If he fail, therefore, to pay over in good money the taxes collected, he is liable to the collector, and if he is credited, with, counterfeit notes received by him for taxes on his account, either through ignorance, inadvertance, or by agreement to make the amount good, if the bills or notes are ascertained to be spurious, he will be liable for the amount so received to the collector, and the tax payer to him. There was, therefore, no error in the ■ charge in the *864 particulars indicated. But the Judge did err in saying to the jury it was usual in such cases to give interest. He properly instructed them that it was within their discretion to give interest or not, if they found for plaintiff, and added, that it was usual for juries to give interest, etc. But the counsel for plaintiff below, offers to remit the interest found by the jury, and this being done, the judgment will be affirmed.